UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN DOE,<br>      Plaintiff,<br><br>v.<br><br>GREG A. HIMMELSTEIN,<br>      Defendant. | §<br>§<br>§<br>§    A-25-CV-00535-ADA<br>§<br>§<br>§ |

## SHOW CAUSE ORDER

Before the Court is Plaintiff John Doe's complaint. (ECF No. 1.) Plaintiff claims that, between 1996 and 2001, he was sexually abused by Defendant. He further alleges that, in 1997, he travelled with Defendant from Wisconsin to Bastrop, Texas, where Defendant sexually assaulted him. Plaintiff was 10-years-old at the time. Plaintiff claims this abuse occurred on subsequent trips to Texas until 2000. Plaintiff claims Defendants actions violated 18 U.S.C. § 2241(c) (crossing state lines with intent to commit sexual acts with children) which is a predicate offense for liability under 18 U.S.C. § 2255. He also claims state-law causes of action of sexual assault and battery and the intentional infliction of emotional distress. (ECF No. 1.)

Section 2255(a) states the following:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

Under § 2255(b), there is currently "no time limit for the filing of a complaint commencing an action under this section." This version of the statute was enacted on September 16, 2022, by the

law entitled "Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022." Pub. L. No. 117-176 (codified as amended at 18 U.S.C. § 2255). In section three of this statute it states:

> This Act and the amendments made by this Act shall —
> (1) take effect on the date of enactment of this Act; and
> (2) apply to —
> (A) any claim or action that, as of the date described in paragraph (1), <u>would not have been barred</u> under section 2255(b) of title 18, United States Code, as it read on the day before the enactment of this Act; and
> (B) any claim or action arising after the date of enactment of this Act."

*Id.* (emphasis added). The version of § 2255 that was in effect immediately prior to the current version included a statute of limitations, which stated "[a]ny action commenced under this section shall be barred unless the complaint is filed (1) no later than 10 years after the date on which the plaintiff reasonably discovers the later of (A) the violation that forms the basis for the claim; or (B) the injury that forms the basis for the claim; or (2) not later than 10 years after the date on which the victim reaches 18 years of age." *See* Pub. L. No. 115-126, 132 Stat. 319 (codified as amended at 18 U.S.C. § 2255).

Plaintiff alleges he was 10 years old in 1997 and therefore would have reached 18 sometime in 2005. Based on the version of § 2255 enacted prior to September 16, 2022, Plaintiff had to file his claim by 2015 to avoid being barred by the statute of limitations.[1] However, Plaintiff did not file his complaint until 2025, ten years after the statute of limitations deadline. As a result, because Plaintiff's claim would have been barred on the day before the current version of § 2255 was enacted, it appears to be time-barred.

---

[1] This is the latest date available to Plaintiff. Otherwise, based on subsection (1), Plaintiff's claim would have been barred in 2007, which is 10 years after the violation that forms the basis for the claim.

2

It is therefore **ORDERED** that Plaintiff shall show cause, **on or before May 23, 2025**, why his complaint should not be dismissed as time-barred. Failure to respond to this order may result in Plaintiff's complaint being dismissed for failure to prosecute and/or respond to a court order. FED. R. CIV. P. 41(b).

SIGNED this 24th day of April, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE